## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

ROBERT FRANCIS CHRISTIAN,       *

                              *

     Plaintiff               *

                              *

       v.                 *         Civil No. JFM 06-cv-1119

                              *

CITY OF ANNAPOLIS,          *

                              *

     Defendant.            *

                             *****

## MEMORANDUM

Plaintiff Robert Francis Christian ("Christian"), a Caucasian male, has brought this employment discrimination action against defendant City of Annapolis (the "City"), alleging that he was denied a promotion to fire lieutenant for the Annapolis Fire Department (the "AFD") in April 2005 on account of his race, experiencing reverse discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* (Compl. ¶ 1.) Upon motion of the City, I previously granted summary judgment in its favor on some of the claims Christian asserted in his complaint, concluding that a race discrimination claim in connection with a denied promotion in December 2004 was untimely and a hostile work environment claim was factually unsupported. (Mem. Op. of August 9, 2006 at 1 [Dkt. #8].)  Discovery has now been completed, and the City has filed a motion for summary judgment to which Christian has responded. The motion will be granted.

## I. Facts

Christian has been working as a firefighter assigned to the AFD since 1996 and is presently ranked as a firefighter first-class. (Compl. ¶ 6.) At the time relevant to the instant action, the individual with the authority to determine who could be promoted to fire lieutenant

1

was Annapolis Fire Chief Michael Lonergan ("Lonergan").[1] (Compl. ¶ 13.) Christian never worked directly with Lonergan nor had any personal knowledge of him. (Pl.'s Opp. to Def.'s Mot. for Summ. J., Ex. 2, Christian Dep. at 161:9-11.)

A fire lieutenant within the AFD is assigned to either a fire engine or fire truck and is in charge of supervising firefighters on the vehicles and at the scene of an incident. (Def.'s Mot. for Summ. J. at 7.) Promotions within the AFD to fire lieutenant are administered in accordance with the Collective Bargaining Agreement between the City of Annapolis and the International Association of Firefighters Local 1926 and the AFD Promotional Procedures. (*Id*. at 8.) Advancement to the position of fire lieutenant is based on a written examination, oral interview, evaluation by a professional review board, and seniority. (Pl.'s Opp. to Def.'s Mot. for Summ. J., Ex. 2, Christian Dep. Ex. 5, FDM: 2.11(A)-(I).)  Candidates are rank-ordered based on the combined results of these four evaluation criteria, with the highest-ranking candidate at the top of the standing list for promotion. (*Id*., FDM: 2.11(J).) Any list generated after January 1 remains in effect until December 31 of that year. (*Id*., FDM: 2.11(K).) The Fire Chief is the individual allowed to select a candidate for promotion from the top three candidates. (*Id*., FDM: 2.11(L)(1).)

In April 2005, an opening for a fire lieutenant position became available, and the top three candidates on the standing list for promotion were Christian, Craig Moore (a Caucasian), and Aaron Boston ("Boston") (an African American). (Def.'s Mot. for Summ. J. at 13-14.) Lonergan selected Boston for the position of fire lieutenant on April 22, 2005, an employment decision that has lead to the instant action. (*Id*. at 14.)

---

[1] On September 1, 2005, Lonergan retired from the AFD. (Def.'s Mot. for Summ. J. at 6.)

## II.  Discussion
### A. Standard of Review

A motion for summary judgment is to be granted under Rule 56 of the Federal Rules of

Civil Procedure if there is no genuine issue as to any material fact and the moving party is

entitled to judgment as a matter of law. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 884 (1990).

Summary judgment is precluded only when there are disputes over the facts that might affect the

outcome of the proceedings under the applicable law. Factual disputes that are not relevant or

not necessary will not be considered in a summary judgment motion. *Anderson v. Liberty Lobby,

Inc.*, 477 U.S. 242, 248 (1986). A party seeking summary judgment bears the burden of showing

that there is not evidence to support the non-moving party's case, and the moving party must

only show an absence of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). In

response, the non-moving party must show that there is a genuine issue for trial. A court must

decide whether there is a genuine issue for trial, "not . . . weigh the evidence and determine the

truth of the matter." *Anderson*, 477 U.S. at 242-43.

### B. Race Discrimination Claim

In a case without direct evidence of racial discrimination, such as this, a court must

conduct its analysis under the burden-shifting scheme presented in *McDonnell Douglas

Corporation v. Green*, 411 U.S. 792, 93 (1973), and its progeny. A plaintiff must first establish a

prima facie case of racial discrimination under Title VII showing that (1) he belongs to a

protected class; (2) he was qualified for his job; (3) he suffered an adverse employment action;

and, (4) he was treated differently than similarly situated employees. *Harris v. Gen. Motors

Powertrain*, 166 F.3d 1209, *3 (4th Cir. 1999) (table) (citing *McDonnell Douglas*, 411 U.S. at

800-04). If a plaintiff successfully establishes a prima facie case, then the burden shifts to the

employer to provide a non-discriminatory reason for the employment action. *Id*. If the employer

provides such a reason, the burden shifts back to the plaintiff to show that the employer's

reasons are not true but instead serve as a pretext for discrimination. *Id*.[2] Throughout this

process, the plaintiff bears the final burden of proving intentional discrimination against him by

the employer. *Id*.

### 1. April 2005 Failure to Promote

Christian alleges that the AFD, through Lonergan, selected Boston for the fire lieutenant

position because of his race because the AFD was under political pressure to promote minorities

and Boston's "minority status assuaged the city council." (Pl.'s Opp. to Summ. J. Mot. at 9.)

Christian reasons that because he was the highest-ranking candidate on the standing list for

promotion; had a record of strong performance within the AFD; had a B.S. in emergency health

services from the University of Maryland, Baltimore County; and had received paramedic and

emergency medical technician certifications and other emergency response training, he should

have been the incontrovertible choice for the fire lieutenant position. (*Id*. at 4-5.)

In response, the AFD first argues that Christian's reverse discrimination claim should fail

because he has not established a prima facie case. (Def.'s Mot. for Summ. J. at 23.) In the

alternative, AFD argues that even if I could find that Christian had established a prima facie

case, his reverse discrimination claim should fail because the AFD has demonstrated, through

evidence presented in the record, that there was a legitimate basis for the employment decision

not to promote Christian and Christian is unable to show pretext. (*Id*. at 24.)

---

[2] Focusing on the materiality requirement to survive a summary judgment motion, the Fourth Circuit in dicta has observed:

> The summary judgment standards mesh comfortably with the *McDonnell Douglas* framework. Once an employer has provided a non-discriminatory explanation for its decision, the plaintiff cannot seek to expose that rationale as pretextual by focusing on minor discrepancies that do not cast doubt on the explanation's validity, or by raising points that are wholly irrelevant to it.

*Hux v. City of Newport News*, 451 F.3d 311, 316 (4th Cir. 2006).

The AFD acknowledges that Christian was a very competitive choice for the position, but argues that Lonergan was acting within his discretion and in accordance with AFD promotion procedures in selecting Boston, whom Lonergan believed to be the best overall candidate giving his personal interaction with Boston, knowledge of Boston's teaching and mentoring activities (which Christian also engaged in), and Boston's interpersonal skills. (Def.'s Mot. for Summ. J. at 14-17.) The record shows that Christian, while generally an excellent employee for the AFD, had (1) prior to the April 2005 promotion opportunity, not followed proper procedure when taking a promotion examination and not, according to Lonergan, accepted responsibility for that act; and, (2) been written up by a fire lieutenant against whom he subsequently filed a grievance seeking that individual's demotion. (Def.'s Mot. for Summ. J. at 10.)[3]

I find that Christian has established a prima facie case given that he is a member of a protected class, was qualified for the fire lieutenant position with his top-ranking placement on the standing list for promotion and other experience, and did not receive the promotion for which he was objectively qualified. The burden thus shifts to the City to provide a legitimate and non-discriminatory reason for its decision. I find it has met this burden by demonstrating that, in selecting Boston for the April 2005 promotion, it exercised permissible discretion in choosing the best of three top candidates, an action it undertook in accordance with official AFD promotion procedures.

Christian attempts to demonstrate pretext by saying that Lonergan had been quoted in the media supporting statements made by the Annapolis City Council favoring increasing the number of minorities in leadership positions at the fire department. (Pl.'s Opp. to Summ. J. Mot.

---

[3] Christian, in his defense, states that the reason why he was not able to follow proper procedure – namely, getting a five dollar Fire Officer 1 certification prior to sitting for a promotion examination – was because he was out of the country because of a death in the family. (Pl.'s Opp. to Summ. J. Mot. at 10.) As for his grievance against an AFD fire lieutenant seeking that fire lieutenant's demotion, Christian states that "undertaking a grievance process is a legitimate exercise of one's due process rights" and he filed a grievance because he believed he should not have been written up. (*Id.*)

at 17.) I find this allegation insufficient to establish pretext. *Rudin v. Lincoln Land Community College*, 420 F.3d 712 (7th Cir. 2005), relied upon by plaintiff, is distinguishable. There, the employer in question, a community college, vacillated in providing reasons for its hiring decision for an available faculty position. *Id*. at 724. First, the college stated that it was "under administrative pressure to hire a racial minority." The college later embellished its position stating that the selected candidate was "qualified" and had received "excellent student evaluations" as well as enhanced the minority representation of the faculty. *Id*. By the time the case reached the Seventh Circuit, the college settled on the argument that the candidate was merely the "best qualified" for the position and the candidate's race played no role in the employment decision. *Id*.  Given this vacillation, the court concluded "that the fact that [the employer's] justification for the hiring decision has been inconsistent is circumstantial evidence of discrimination." *Rudin*, 420 F.3d at 723-724.

        In contrast, in the present case, there is no evidence, circumstantial or otherwise, to indicate that the AFD had vacillating reasons for hiring Boston instead of Christian. The record reflects that Lonergan has not varied his position that he believed Boston possessed better leadership skills than Christian and was therefore the better choice. (Pl.'s Opp. to Def.'s Mot. for Summ. J., Ex. 1, Lonergan Dep. at 19:7-22:3.)  Even if it may be the case, as Christian alleges, that it had not been prior AFD practice to skip a top-ranked candidate on the standing list for promotion, the fact remains that Lonergan, as Fire Chief, was fully entitled to make his selection among the top three candidates. *See Charron v. City of Hartford*, 356 F. Supp. 2d 166, 171 (D. Conn. 2005) (concluding that Caucasian fire department mechanic who was denied promotion even though he was arguably the most experienced could not prove pretext because it was "beyond dispute . . . that the fire chief was not required to select the most senior applicant of the

top three"). As clearly stated in the AFD promotion procedure guidelines, the Fire Chief, in making his selection, has the authority to "select from this list starting from the highest down to two positions past the number of positions to be filled." (*Id.*, Ex. 2, Christian Dep. Ex. 5, FDM: 2.11(L)(1).).

Christian's arguments in favor of pretext ignore Lonergan's authority to exercise discretion when making a hiring decision based on his perception of leadership qualities. Christian's statement – "Leadership qualities as a criteria for advancement in a system without criteria and made by a decision-maker who consults with no one and reviews nothing about eligible candidates is the worst kind of rationalization" – flies in the face of the generally accepted understanding of "discretion." For example, that term has been defined as, "A public official's power or right to act in certain circumstances according to personal judgment and conscience, often in an official or representative capacity." "Discretion," *Black's Law Dictionary* (8th ed. 2004).

In the recent Fourth Circuit case of *Hux v. City of Newport News*, 451 F.3d 311, 314 (4th Cir. 2006), the court recognized the importance of allowing persons with authority to make employment decisions to use discretion assessing needed job skills, including leadership. In *Hux*, a female fire lieutenant alleged gender discrimination in violation of Title VII upon failing to secure multiple promotions for which she had been the only female applicant. The city claimed that the applicant who secured the promotion had been selected because of being objectively and subjectively better qualified. *Hux*, 451 F.3d at 317. Agreeing that the city had provided a legitimate, non-discriminatory reason for the employment decision, the Fourth Circuit recognized that, in addition to objective evaluation criteria (e.g., seniority, training, track record), an assessment of leadership "was important to the interviewing panel, which worried that [the

applicant] might not possess the composure required to coordinate a team charged with protecting lives and property under highly stressful situations." *Hux*, 451 F.3d at 316. The fact pattern in *Hux* is distinguishable from the instant action in that the female fire lieutenant had a "bumpy tenure" whereas Christian and Boston were both comparably competitive candidates, but is instructive because it upholds the discretionary authority of hiring officials. *Hux*, 451 F.3d at 314; *see also Monteverde v. New Orleans Fire Department*, 124 Fed. Appx. 900, 906 (5th Cir. 2005) (concluding that firefighter alleging reverse discrimination following the hiring of "responsible choice" minority candidate was unable to demonstrate pretext because "conclusory allegations or unsubstantiated assertions" were unpersuasive).

Christian's mere statement that Lonergan's deposition testimony is "not worthy of belief" does not make it so. (Pl.'s Opp. to Def.'s Mot. for Summ. J. at 9.) The entirety of Christian's argument in favor of pretext seems to be based on "the simple fact that he did not receive a promotion to which he felt entitled[,]" and this does not constitute legal grounds for establishing pretext. *Sutherland v. Michigan Dep't of Treasury*, 344 F.3d 603, 620 (6th Cir. 2003) (holding, inter alia, that unsupported speculation of reverse discrimination did not support pretext where minority job candidate received higher scores than Cacasian applicant in interview using subjective evaluation criteria).

A separate order effectuating the rulings made in this memorandum is being entered herewith.

Date: August 14, 2007                 /s/_____
                                      J. Frederick Motz
                                      United States District Judge